UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROLAND A. ALONSO, ET AL.  CIVIL ACTION

VERSUS

WESTCOAST CORPORATION  NO.: 13-00563-BAJ-RLB

RULING AND ORDER

Before the Court is Defendant Westcoast Corporation's ("Defendant") **Motion in Limine to Exclude Certain References and Testimony, Extrinsic Evidence Without Contractual Ambiguity, And Prompt Payment Acts (Doc. 49).** RCS Contractors, Inc. and its president, Roland A. Alonso (collectively, "Plaintiffs"), have filed an opposition to Defendant's motion. (Doc. 49). Plaintiffs have also filed a **Motion to Strike Westcoast's Untimely Filed Motion in Limine (Doc. 56).** Defendant has filed an opposition to Plaintiffs' motion. (Doc. 57). For the reasons that follow, Plaintiffs' motion to strike is **DENIED** and Defendant's motion in limine is **GRANTED** in part and **DENIED** in part.

I. BACKGROUND

Plaintiffs entered into a subcontract agreement with Defendant to relocate and install a sewer on West Roosevelt Street in Baton Rouge, Louisiana. (Doc. 1 at ¶ C-5). The U.S. Army Corps of Engineers ("USACE") was the owner of the project, and it hired Garner Services, LLC ("GSV") as the prime contractor. (*Id.* at ¶ C-4). GSV contracted with Defendant, and Defendant subcontracted a large part of the work to be completed on the project to RCS Contractors, Inc. ("RCS"). (*Id.*). Plaintiffs filed suit

1

against Defendant asserting claims for breach of contract, quantum meruit, and detrimental reliance. (*Id.* at E-5—J-1). Plaintiffs seek to recover delay damages including, *inter alia*, extended overhead and increased labor and equipment costs.

## II.  MOTION TO STRIKE

Plaintiffs argue that Defendant has not demonstrated good cause to excuse the filing of its motion in limine beyond the deadline set forth in the Scheduling Order. (*See* Doc. 56). Defendant counters by asserting that significant discovery has taken place with the consent of Plaintiffs since the passage of the discovery deadline. (*See* Doc. 57). Because significant discovery did not take place until August, 2015, Defendant argues that many of the issues raised in its motion did not come to light until after the deadline to file motions in limine had passed. (*Id.*). Defendant further asserts that its motion attempts to resolve evidentiary disputes that will invariably be raised by way of objections during trial. (*Id.* at p. 2). Accordingly, Defendant argues that resolution of its motion will "promote judicial efficiency" and ensure that "improper testimony" will not be submitted before the jury. (*Id.*).

This case, now in a trial setting, has been complicated by the failure of both parties to properly move it along. (*See* Doc. 42 at pp. 3—4). The Court previously denied Defendant's request to file a motion for summary judgment beyond the deadline set forth in the Scheduling Order. (*See* Docs. 40, 42). In that ruling, the Court concluded that the failings of previous counsel for Defendant did not justify a modification of the Scheduling Order to allow the filing of an untimely dispositive

motion. (*See* Doc. 42). The Court is now confronted with whether to apply the same approach to Defendant's current motion in limine.[1]

After applying the factors set forth in the Court's previous Order, (Doc. 42), the Court exercises its discretion to permit the untimely filing of Defendant's motion in limine. *See DaSilva v. U.S. Citizenship & Immigration Servs.*, 599 F. App'x, 535, 544 (5th Cir. 2014). The Court is mindful that "[m]otions in limine help to streamline a case, because such motions 'enable[ ] a court to rule in advance on the admissibility of documentary or testimonial evidence and thus expedite and render efficient a subsequent trial.'" *Rybas v. Riverview Hotel Corp.*, Civ. A. No. 12-3103, 2015 WL 10096189, at *1 (D. Md. Jan. 15, 2015) (quoting *INSLAW, Inc. v. U.S.*, 35 Fed. Ct. 63, 65–66 (1996)) (citation omitted). "Such rulings are preliminary, made in the discretion of the court, and assist counsel in preparation for trial." *Id.* (citing *U.S. v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), *aff'd*, 469 U.S. 38 (1984).

Plaintiffs have responded to Defendant's motion, and the Court finds that they will suffer no prejudice from addressing issues now that will certainly be the subject of objections at trial. Moreover, the Court is persuaded by Defendant's argument that informal extensions of fact and expert discovery militate in favor of finding good cause to file an untimely motion in limine that addresses issues—certain to be objected to at trial—borne to light during that process. Lastly, the Court takes seriously its role of ensuring that testimony or exhibits presented to the jury in this matter comport

---

[1] The Court notes that since the filing of Defendant's motion in limine, trial in this matter was continued by the Court due to unforeseen circumstances unrelated to this matter. (*See* Doc. 60).

3

with the Federal Rules of Evidence; addressing Defendant's motion assists the Court to achieve this goal.

### III. MOTION IN LIMINE

#### A. Criminal convictions of Mark Titus.

Defendant argues that Federal Rules of Evidence ("Rule") 404 and 401 prohibit Plaintiffs from referencing the criminal convictions of Mark Titus.[2] Mr. Titus purportedly has a significant ownership interest in GSV, and he was employed as its Chief Financial Officer. (Doc. 59 at pp. 4—5). Defendant asserts that Mr. Alonso frequently referenced the criminal history of Mr. Titus during his deposition testimony, and that Plaintiffs seek to reference the same to show that Defendant or GSV acted improperly. (Doc. 49-1 at pp. 3—4).

Plaintiffs argue that they do not seek to offer evidence of Mr. Titus's prior criminal conviction to prove his bad character or that he acted in conformity therewith. (Doc. 59 at p. 8). Rather, Plaintiffs assert that evidence of Mr. Titus's criminal history demonstrates that during the course of the project, he was preoccupied with the criminal proceedings against him, and he therefore did not afford it the attention it required. Plaintiffs appear to argue that this distraction contributed to Defendant's breach of the subcontract at issue.

Plaintiffs' proffered reasons for admitting evidence related to the criminal history of Mr. Titus, a purported employee and part-time owner of a non-party, does

---

[2] While Plaintiffs listed Mr. Titus as a "may call" witness in the proposed pre-trial order, (Doc. 15 at p. 14), the witness lists contained in the bench books provided by the parties do not list him as a witness who will testify at trial.

4

not withstand scrutiny. Any connection between Mr. Titus's criminal history and the contract between Defendant and Plaintiffs is simply too attenuated. Such information is therefore irrelevant under Rule 401. To the extent such evidence is somehow relevant, the Court further finds that its probative value would be substantially outweighed by its prejudicial effect upon Defendant.

### B. The dissolution of RCS Contractors, Inc.

Defendant argues that references to the dissolution of RCS should be excluded under Rules 401 and 403. Defendant asserts that Plaintiffs have not claimed that the alleged contractual breaches at issue caused the dissolution of RCS. (Doc. 49-1 at pp. 6—8). Plaintiffs counter that dissolution of RCS was a foreseeable consequence of Defendant's conduct. Plaintiffs therefore contend that dissolution of RCS after completion of the project relates to the issue of damages. (Doc. 59 at pp. 5—7).

The Court finds that the dissolution of RCS is not relevant to Plaintiffs' breach of contract claims; any reference to the dissolution of RCS is therefore excluded under Rule 401. Reference to the dissolution of RCS has no bearing on the measure of Plaintiffs' claims for lost profit or delay damages occasioned by Defendant's alleged contractual breaches.

### C. Disadvantaged business entity status

Defendant seeks to exclude any reference to GSV's status as a Disadvantaged Business Entity ("DBE") or a company recognized under the Wounded Warrior Veteran Act ("WWVA"). (Doc. 49-1 at pp. 8—10). Defendant asserts that Mr. Alonso referenced these two statuses during his deposition, and it argues that exclusion of

the same is proper under Rules 401 and 403. (*Id.*). Plaintiffs counter that evidence of GSV's DBE and WWVA statuses bear on GSV's qualifications. (Doc. 59 at p. 7). Plaintiffs also assert that GSV's DBE or WWVA statuses provide background on how RCS became a second tier contractor on the project. (*Id.* at p. 8).

The Court finds that the DBE and WWVA statuses of GSV are irrelevant to Plaintiffs' breach of contract claims against Defendant under Rule 401. Plaintiffs fail to demonstrate how this information has any bearing on whether Defendant breached the subcontract at issue. That these statuses enabled GSV to win a bid from the USACE and later, as prime contractor, to contract work out to Defendant has no bearing on the contractual breaches alleged by Plaintiffs against Defendant.

### D. Payments

Defendant contends that evidence regarding payments from the USACE to GSV, or from GSV to Defendant, should be excluded pursuant to Rule 401. (Doc. 49-1 at pp. 10—11). Defendant argues that such information will confuse the jury with respect to "what Plaintiffs are actually claiming to be owed by [Defendant] on the contract." (Doc. 49-1 at p. 10).

Plaintiffs counter that Defendant served as a "conduit" responsible for communicating change order requests between it and the USACE. Plaintiffs assert that upon approval of a change order request, the USACE sent payment to GSV, which would then send payment to Defendant for timely disbursal to Plaintiffs. (Doc. 59 at pp. 8—9). Plaintiffs further assert that Defendant received payments, at least some of which were not disbursed to Plaintiffs.

Given the lack of briefing related to Plaintiffs' claims by either party, the Court is not equipped to render a decision on this discrete issue at this time. The Court therefore denies Defendant's motion in this regard with leave to reurge its position at trial.

### E. Extrinsic Evidence

Defendant argues that Louisiana law does not permit parole or extrinsic evidence to vary the terms of a written contract unless there is ambiguity in the written expression of the parties' common intent. (Doc. 49-1 at p. 11). Defendant argues that there is no ambiguity in the subcontract at issue. (*Id.*). Furthermore, Defendant asserts that Mr. Alonso had significant experience in construction bids and contracts. (*Id.* at p. 12).

Plaintiffs assert that parol evidence is admissible to prove oral modifications to a contract. (Doc. 59 at p. 10). Plaintiffs' position is that Defendant verbally amended the contract, "particularly when [Defendant] assured RCS there would be payment for additional work, downtime, delays, impacts, and other costs." (*Id.*).

Defendant did not seek a finding from the Court to determine if the contract at issue or portions thereof are unambiguous. Furthermore, Defendant did not timely seek a finding from the Court to determine if a genuine factual dispute exists regarding Plaintiffs' assertions that oral modifications were made to the contract. For these reasons, the Court denies Defendant's motion on this issue.

### F. Interest or penalties pursuant to the Prompt Payment Acts

Defendant argues that Plaintiffs' claims for interest and/or penalties under the Louisiana and federal Prompt Payment Acts[3] do not apply in this case in light of provisions contained in the subcontract at issue. (Doc. 49-1 at p. 13). Defendant's motion in this respect is substantive in nature. The Court cannot convert Defendants' motion in limine into a motion for summary judgment at this stage of this proceeding. *See Gold Cross Ems, Inc. v. Children's Hosp. of Alabama*, 309 F.R.D. 699, 701 (S.D. Ga. 2015).

---

[3] La.R.S. § 9:2784; 31 U.S.C. § 3905.

IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Strike Westcoast's Untimely Filed Motion in Limine (Doc. 56)** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' **Motion in Limine to Exclude Certain References and Testimony, Extrinsic Evidence Without Contractual Ambiguity, And Prompt Payment Acts (Doc. 49)** is **GRANTED** in part and **DENIED** in part. The Court excludes from trial information pertaining to Mark Titus's criminal history, the dissolution of RCS, and the DBE and/or WWVA status of Defendant.

Baton Rouge, Louisiana, this 21st day of July, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA